IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES<br>(TDCJ No. 1169005),<br><br>        Plaintiff,<br><br>V.<br><br>MS. UPCM, ET AL.    ,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:20-cv-862-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin Jerome Jones, a Texas prisoner, has filed in substance a *pro se* civil rights case, using the 28 U.S.C. § 2254 habeas petition form. *See* Dkt. No. 2. And he has moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 3.

His action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Jones pays the full filing fee of $400.00.

As the United States Court of Appeals for the Fifth Circuit framed the Court's initial inquiry here, in another action brought by a state prisoner,

> [b]oth 28 U.S.C. § 2254 and 42 U.S.C. § 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983.

*Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted).

Although Jones's claims are difficult to decipher, based on the grievances attached to his complaint, he challenges neither the fact nor the duration of his confinement but instead contests whether the jail returned personal property to him. *See* Dkt. No. 2 at 11-21. Such a claim, related to conditions of confinement, is civil in nature. *See, e.g., Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (per curiam) ("Where 'a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody,' the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his accelerated release." (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997))); *cf. Jackson v. United States*, No. 3:18-cv-265-M-BN, 2018 WL 2164526, at *1 (N.D. Tex. Apr. 16, 2018) ("While Jackson's Replevin Complaint has been docketed as a petition for writ of mandamus, this Court must construe a prisoner's *pro se* filings, no matter how labeled, based on the relief sought."), *rec. accepted*, 2018 WL 2151328 (N.D. Tex. May 10, 2018).

Prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Jones is subject to this three-strikes bar. *See Jones v. Spurlock*, No. 3:19-cv-66-G-BT (N.D. Tex.), Dkt. No. 6 at 2 (finding that Jones "has accrued three strikes under § 1915(g)" (citing *Jones v. Bd. of Pardons & Parole*, No. 18-11555 (5th Cir. Jan. 4, 2019) (finding that he was barred from proceeding IFP due to three strikes and dismissing appeal for failure to pay the filing fee))); *id.*, Dkt. No. 9 (judgment dismissing Jones's action as barred by Section 1915(g)); *see also, e.g., Jones v. Roberts*, No. 9:19-CV-65, 2019 WL 2521141 (E.D. Tex. May 15, 2019), *rec. adopted*, 2019 WL 2515316 (N.D. Tex. June 17, 2019) (recognizing that Jones is barred by Section 1915(g)); *Jones v. Hutto*, No. 3:19-cv-1359-N-BN, 2019 WL 3307068 (N.D. Tex. June 11, 2019), *rec. accepted*, 2019 WL 3304791 (N.D. Tex. July 23, 2019) (same); *Jones v. Johnson*, No. 9:19-CV-95, 2019 WL 3782137 (E.D. Tex. June 10, 2019), *rec. adopted*, 2019 WL 3776375 (E.D. Tex. Aug. 10, 2019) (same).

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But, in order to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP

status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

Thus, the "specific allegations" must reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms – which should be corroborated by medical records or grievances – is not sufficient to allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam). And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Jones's current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g). The Court should therefore bar Jones from proceeding IFP. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Kevin Jerome Jones pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE